# EXHIBIT D

# RECEIVER'S CONTEMPT MOTION

ID# 2021-0081303-CV
≡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**18105244**

**Mary Staley Clark - 28**
**JUN 22, 2021 02:38 PM**

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CHOATE CONSTRUCTION COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  05-1-06700 |
| | ) | **18-1-5244** |
| INTERFINANCIAL MIDTOWN, INC., | ) | |
| PIEDMONT FOUNTAINS, LLC, and SCOTT L. | ) | |
| LEVENTHAL, | ) | |
| | ) | |
| Defendant. | ) | |

### FIRST EMERGENCY MOTION BY RECEIVER FOR ORDER: 1) TO SHOW CAUSE WHY SCOTT L. LEVENTHAL SHOULD NOT BE HELD IN CONTEMPT; 2) HOLDING SCOTT L. LEVENTHAL IN CONTEMPT; AND 3) GRANTING OTHER RELIEF AND BRIEF IN SUPPORT THEREOF

**COMES NOW** S. Gregory Hays, not individually, but as Receiver herein ("**Receiver**") appointed pursuant to the Order Appointing Receiver dated May 26, 2021 ("**Receiver Order**") that was entered by the Superior Court of Cobb County Georgia (the "**Superior Court**") in the above captioned litigation (the "**Superior Court Litigation**"), by and through counsel, and hereby files this *First Emergency Motion by Receiver for Order: 1) to Show Cause Why Scott L. Leventhal Should Not be Held in Contempt; 2) Holding Scott L. Leventhal in Contempt; and 3) Granting Other Relief and Brief in Support Thereof* (the "**Motion**") and in support thereof respectfully states as follows:

### I. BACKGROUND

**A. Scott L. Leventhal  Was Ordered to Produce Documents and Information and Assist the Receiver.**

1.      Pursuant to the Receiver Order, the Superior Court recognized its exclusive jurisdiction and possession of the assets ("**Receivership Assets**") of Scott L. Leventhal ("**Mr.**

Leventhal") and appointed the Receiver to serve as the receiver for the estate of Mr. Leventhal ("**Receivership Estate**"). *See* Receiver Order ¶¶ 1-2.

2.    In appointing the Receiver, the Court specifically held, *inter alia*, in Paragraphs 5 and 6 of the Receiver Order, that Leventhal "lied", that he deliberately withheld information, and that he dissipated assets.  *See* Receiver Order ¶¶ 5-6.  As set forth in more detail herein, the Court's findings seem to have had little impact on Mr. Leventhal's conduct and further court intervention is now required.

3.    Paragraphs 11-14 of the Receiver Order require Mr. Leventhal to produce certain documents and information. *See* Receiver Order ¶¶ 11-14.

4.    More specifically, paragraph 11 of the Receiver Order requires Mr. Leventhal to provide a sworn statement and accounting with complete documentation of: a) all Receivership Assets; b) every account of Mr. Leventhal; c) all credit, bank, charge, or other deferred payment card; d) all assets received; e) all expenditures exceeding $1,000; and f) all transfers of assets by Mr. Leventhal. *See* Receiver Order ¶ 11.

5.    Paragraph 12 of the Receiver Order requires Mr. Leventhal to provide unredacted copies of federal and state tax returns for taxable years between 2018 through present along with relevant underlying documentation. *See* Receiver Order ¶ 12.

6.    Paragraph 13 of the Receiver Order requires Mr. Leventhal to provide copies of all personal and consolidated financial statements with relevant underlying documentation. *See* Receiver Order ¶ 13.

7.    Paragraph 14 of the Receiver Order requires Mr. Leventhal to provide copies of all financial and other documents provided to any bank, investor, or lender from 2018 to present to demonstrate net worth of assets. *See* Receiver Order ¶ 14.

8.      Paragraph 15 of the Receiver Order further requires Mr. Leventhal to answer under oath all questions of the Receiver. *See* Receiver Order ¶ 15.

9.      Paragraph 16 of the Receiver Order further requires Mr. Leventhal to: a) assist the Receiver in fulfilling the duties of the Receiver; and b) respond promptly and truthfully to all requests by the Receiver for information and documents. *See* Receiver Order ¶ 16.

10.     In addition to the obligations in the Receiver Order, Mr. Leventhal had obligations to comply with a separate Special Master Order.  On June 17, 2021, the Special Master reported to the Court, by email, that Mr. Leventhal had failed to comply with several provisions of the Special Master Order.  The Special Master's email report is attached as Exhibit "A" and incorporated herein by reference.  Had Mr. Leventhal complied with the Special Master Order, the Receiver could likely have obtained much of the information required by the Receiver Order directly from the Special Master, substantially reducing the Receiver's workload.  Instead, Mr. Leventhal has forced each of the Special Master and now the Receiver to incur unnecessary fees and expenses to enforce clear and unambiguous orders of this Court.

**B.  Scott L. Leventhal Has Failed to Comply with the Receiver Order.**

11.     After the entry of the Receiver Order, representatives of the Receiver attempted to obtain on several occasions the delivery of the information required under the Receiver Order. Indeed, representatives of the Receiver communicated with representatives of the Mr. Leventhal on numerous occasions as the Receiver attempted to obtain compliance with the Receiver Order.

12.     Pursuant to the terms of the Receiver Order, Mr. Leventhal was required to produce the information directed in Paragraphs 11 – 14 no later than Monday, June 7, 2021.  The Receiver entered into a Consent Order with Mr. Leventhal, which extended this deadline to and through June 11, 2021.

3

13. While Mr. Leventhal produced certain information on or before June 11, 2021 and has had one face to face meeting and several telephone calls with the Receiver, Mr. Leventhal has not complied with all of the obligations imposed by the Receiver Order and has not fully cooperated with the Receiver as directed by the Receiver Order. Mr. Leventhal's conduct is in direct disregard of the Receiver Order and the requests of representatives of the Receiver for Mr. Leventhal to comply with the terms of the Receiver Order, Mr. Leventhal has failed to satisfy all of the obligations of Mr. Leventhal under the Receiver Order.

14. More specifically, Mr. Leventhal has failed to provide the sworn statement and accounting with complete documentation required by paragraph 11 of the Receiver Order. While Mr. Leventhal has produced schedules listed as Schedules 11(B), (C) and (E), Mr. Leventhal has failed to provide a sworn statement that such information is accurate and has produced no information responsive to Paragraphs 11(A), (D), and (F) of the Receiver Order.

15. Furthermore, with regard to the required production under paragraphs 13 and 14 of the Receiver Order, Mr. Leventhal has failed to produce any personal financial statements or other documents required by these items.

16. In reviewing the accounting provided by Mr. Leventhal, the Receiver has further noted a discrepancy regarding vehicles owned by Mr. Leventhal. Mr. Leventhal has reported leasing a 2018 MERCEDES-BENZ S-CLASS S 560, other statements provided by him to Choate Construction, the Plaintiff herein, reference a Cadillac Escalade located on Hampton Island, Georgia. The Receiver has no evidence of insurance on this vehicle.

17. In accordance with the duties of the Receiver under the Receiver Order, the Receiver has also requested: a) access to inspect the residence of Mr. Leventhal and any personal property contained therein (the "Residence"); b) for Mr. Leventhal to turn over a Rolex watch; c)

4

access to review the Blue Horseshoe and other files maintained at the office maintained by Mr. Leventhal; d) an inventory of weapons and guns; and e) information regarding all entities owned or controlled by Mr. Leventhal. Mr. Leventhal has thus far failed to comply with such requests.

18. Due to the failure of Mr. Leventhal to comply with the Receiver Order, counsel for the Receiver issued correspondence (the "**Correspondence**") to counsel for Mr. Leventhal which is attached as Exhibit "B". The Correspondence requested that Mr. Leventhal comply with the Receiver Order and produce the requested information.

19. With respect to the Residence, Mr. Leventhal initially agreed to meet a representative of the Receiver and a real estate broker at the Residence. However, it now appears that Mr. Leventhal may be taking direction from his mother with respect to his refusal to provide access to the Residence. Mrs. Dorothy Leventhal has sent several emails to the Receiver threatening legal and other consequences with respect to this matter and went so far on June 10, 2021 to attempt to direct that the Receiver not inspect the residence. A copy of her June 10 email is attached as Exhibit "C". Although the Receiver was initially inclined to ignore these communications due to the mother/son relationship, the Receiver reserves the right to seek relief against Mrs. Dorothy Leventhal for what appears to be direct interference with the Receivership and contempt of the Receivership Order, particularly if Mr. Leventhal continues to refuse to permit inspection of the Residence.

20. Further, Paragraph 8(C) of the Receiver Order provides that the Receiver may seek:

> To require the production by Defendant Leventhal and any affiliated business entity owned, managed, or controlled by Defendant Leventhal of any documents, financial and accounting records, shareholders' agreements, membership agreements, partnership agreements, employment records, tax returns, financial statements, computer files, computer databases, and any and all other documents and records evidencing, relating, or pertaining to any assets chargeable with satisfaction of the Final Judgment and which are to be provided or paid to the Receiver under this Order;

5

21.    In accordance with that authorization, and as outlined in Exhibit "B", the Receiver specifically requested that Mr. Leventhal provide the following information for each entity listed below:

a.  13TH Street Holdings:  Operating Agreement, Minute Book, Bank Statements, and Most Recent Tax Return;

b.  Tivoli Investments: Operating Agreement, Minute Book, Bank Statements, and Most Recent Tax Return;

c.  Tivoli Properties:  Operating Agreement, Minute Book, Bank Statements and Most Recent Tax Return;

d.  Blue Horshoe Investments  LLC (Wyoming LLC):  Bank Statements, Most Recent Tax Return;

e.  BHI  1138  Peachtree, LLC:  Operating  Agreement, Minute  Book,  Bank Statements, Most Recent Tax Return;

f.  1138 Peachtree Land Holdings Member LLC:  Operating Agreement, Minute Book, Bank Statement and Most Recent Tax Return;

g.  1122 Crescent Land Holdings Member LLC:  Operating Agreement, Minute Book, Bank Statements,  Most Recent Tax Return

h.  BHI 1138 Peachtree Member LLC:  Operating Agreement, Minute Book, Bank Statements,  Most Recent Tax Return and with respect to this entity:

   i. Redemption  Agreements  and  Closing  Statements  related  to  the redemption or purchase of John Williams (or related entities) interests in 1138 Peachtree; and

6

ii.  BHI Sponsor Note and/or Sponsor Note listed in summary of 1138

Refinancing in the amount of $1.1 Million.

22.   The Receiver believes and is informed that Mr. Leventhal maintains business records for these entities at the offices of the Trillist Companies, Inc. and has accordingly requested to inspect the records available at the offices of the Trillist Companies.

23.   Instead of complying with this request, and after initially agreeing to produce them in the presence of his counsel Mr. Hylton DuPree, Mr. Leventhal has apparently chosen to ignore the Receiver while now seeking to re-litigate the issues which led to the appointment of the Receiver.  There is no stay of the Receiver Order in place and Mr. Leventhal is required to produce the requested information.  The Receiver has provided Mr. Leventhal with more than ample time to produce this information and has even suggested inspecting the records at Mr. Leventhal's office.  There is simply no excuse for Mr. Leventhal's failure to produce this information.

24.   Finally, although the Receiver has confiscated certain of Mr. Leventhal's credit cards, Mr. Leventhal has not provided the budget contemplated by Paragraph 8(U) of the Receiver Order.

25.   Mr. Leventhal's failure to comply with the Receiver Order is further addressed in the Receiver's Second Report, filed on June 17, 2021 which is incorporated herein by reference in support of this Motion.

26.   Mr. Leventhal has failed to comply with the request in the Correspondence for Mr. Leventhal to voluntarily comply with the terms of the Receiver Order by turning over the requested information.

27.   Despite the clear mandate in the Receiver Order and additional time to comply, Mr. Leventhal has failed to comply with the Receiver Order.

## II. ARGUMENT AND CITATION TO AUTHORITY

28.    Mr. Leventhal is subject to the clear, unambiguous, and definite obligations in the Receiver Order and has thus far failed to fully comply with the Receiver Order.

29.    The inherent power of a court in Georgia to enforce compliance with its orders is grounded in statute and the constitution. *See Clark v. Chapman*, 301 Ga. App. 117, 119, 687 S.E.2d 146, 149 (2009) (noting that OCGA § 15-1-3(3) provides that "every court has the power to compel obedience to its orders" and that Art. VI, Sec. I, Par. IV of "the Georgia Constitution provides that '[e]ach court may exercise such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments'") (citation omitted); *see also Brown v. King*, 266 Ga. 890, 890, 472 S.E.2d 65, 65 (1996) (noting that "[c]ontempt is part of the judiciary's inherent power to enforce its orders"). Indeed, the power to sanction disobedience of judicial orders is part of the judicial function inherent in all courts and essential to providing the judiciary a means to vindicate its own authority. *See Young v. United States*, 481 U.S. 787, 795-96 (1987).

30.    Under the current circumstances, it is clear that: a) the Receiver Order is effective and required certain conduct by Mr. Leventhal; and b) Mr. Leventhal had notice of and failed to comply with the Receiver Order. Indeed, Mr. Leventhal willfully and intentionally flouted and disregarded the clear instructions of the Superior Court to provide the Receiver with information. The conduct of Mr. Leventhal has delayed the administration of the Receivership Estate and caused the Receivership Estate to incur further expenses as a direct result of such conduct.

31.    A trial court has wide discretion to determine whether its orders have been violated and the determination of such court "will not be disturbed on appeal in the absence of an abuse of discretion." *See Kaufmann v. Kaufmann*, 246 Ga. 266, 268, 271 S.E.2d 175, 178 (1980) (noting that a "'trial court has the power to see that there be compliance with the intent and spirit of its

8

decrees and no party should be permitted to take advantage of the letter of a decree to the detriment of the other party'") (citation omitted). "[I]f there is any evidence to support the trial court's determination that a party has wilfully disobeyed its order, the court's finding of contempt will be affirmed on appeal." *Folds v. Barber*, 279 Ga. App. 671, 672, 632 S.E.2d 403, 404 (2006) (noting that "'[t]he question of whether a contempt has occurred is for the trial court, and its determination will be overturned only if there has been a gross abuse of discretion'") (citation omitted).

32.     As a general matter, a party interfering with or transferring the property placed under the care of a receiver may be found in contempt. *See Anthony v. Anthony*, 240 Ga. 155, 156, 240 S.E.2d 45, 46 (1977) (finding party in contempt for failing to allow receiver to take possession of receivership property). Indeed, one who interferes with the control and possession of the receiver without court permission dispossesses the court and may be punished for contempt. *See Strickland v. Williams*, 215 Ga. 175, 177, 109 S.E.2d 761, 763 (1959). Accordingly, a party failing to comply with instructions by a trial court may be held in contempt. *See Sponsler v. Sponsler*, 301 Ga. 600, 602, 800 S.E.2d 564, 566 (2017), *reconsideration denied* (June 30, 2017)(finding husband in contempt of divorce decree where the husband failed to execute a quitclaim deed and otherwise cooperate with the sale of property by a receiver despite clear instructions by the trial court). Here, Mr. Leventhal has interfered with the administration of the Receivership Assets without permission of the Superior Court by failing to comply with the Receiver Order.

33.     Under the circumstances, Mr. Leventhal has failed to comply with the Receiver Order of the Superior Court and, as such, should be held in contempt and sanctioned accordingly.

### III. REQUESTED RELIEF

34.     Because the Receiver does not have an overview of the Receivership Assets as anticipated by the Receiver Order, the Receiver is unable to account for the Receivership Assets

9

that may be subject to the Receiver Order. The Receiver is therefore concerned that assets could be removed or wasted.  Therefore, the Receiver submits that time is of the essence of this matter and the Receiver therefore requests that this Court issue a Rule Nisi and hold a hearing on this Motion as soon as possible.

35.    By this Motion, the Receiver requests that the Superior Court exercise its authority and enter an order that directs Mr. Leventhal be directed to appear before the Superior Court to show cause why Mr. Leventhal should not be held in contempt for violating the Receiver Order and ultimately: a) hold Mr. Leventhal in contempt and issue appropriate sanctions for the failure of Mr. Leventhal to comply with the Receiver Order of the Superior Court; and b) require Mr. Leventhal to: i) fully comply with the Receiver Order; ii) provide a full accounting as required by the Receiver Order; and iii) pay the costs, reasonable attorney's fees and expenses in bringing and prosecuting this Motion.

36.    Based upon the record in this case, it is clear that Mr. Leventhal has no respect for this Court and for the Orders entered by this Court.  The Receiver believes that it is unlikely that Mr. Leventhal will comply with any Order entered by this Court unless he faces incarceration to purge his contempt and requests that any order entered by this Court direct Mr. Leventhal's incarceration as a penalty for continuing non-compliance with the Receiver Order.

37.    In particular, the Receiver requests that as a condition of Mr. Leventhal purging his contempt of the Receiver Order that this Court, at a minimum, direct Mr. Leventhal, under penalty of incarceration for non-compliance, to:

a. Produce the complete accounting required by Paragraphs 11 -14 of the Receiver Order as set forth in Exhibit "B";

10

b.  Direct and Permit an inspection of Mr. Leventhal's residence by a representative of the Receiver and the Receiver's real estate broker;

c.  Turn over the Rolex Watch to the Receiver for sale by the Receiver;

d.  Direct Mr. Leventhal to provide an accounting of all weapons and firearms owned by him and to turn over such weapons and firearms to a licensed dealer for sale if so requested by the Receiver after review of such accounting;

e.  Account for the Cadillac Escalade located at Hampton Island and provide evidence of insurance for this vehicle;

f.  Prepare and submit the budget required by Paragraph 8(U); turn over all remaining personal credit cards to the Receiver; and cease all use of personal credit cards, loans and lines of credit unless specifically authorized in writing by the Receiver;

g.  Direct and Permit the inspection of business records at the offices of the Trillist Companies located at 1360 W Peachtree St NE, Atlanta, GA 30309; and

h.  Direct the production of the documents identified in Paragraph 21 above.

WHEREFORE, the Receiver respectfully requests that the Court grant the relief sought herein

and for such other and further relief as may be just and proper.

Dated: June 21, 2021.

Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265

Law Offices of Henry F. Sewell, Jr., LLC
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

Attorneys for Hays S. Gregory Hays, not individually, but in
his capacity as Receiver

12

## CERTIFICATE OF SERVICE

I certify that on June 22, 2021, I electronically filed the foregoing Pleading which automatically will send email notification of such filing to all attorneys of record.

This 22ⁿᵈ day of June, 2021.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265

**Exhibit "A"**

**Subject:** RE: Choate Construction v. Interfinancial Midtown, Inc. et al ? CAFN: 05-1-6700-28 and 18-1-5244-28 / Emergency Hearing Request

**Date:** Thursday, June 17, 2021 at 1:11:01 PM Eastern Daylight Time

**From:** Patrick Braley

**To:** Conway, Brett, 'Henry Sewell', Kevin Hudson, Chad Hayes, Lou McBryan, hdupree@dupree-lawfirm.com, Zack Hall

**CC:** Fay Slaveikis, 'Cyndi Kirkland', Sara Blair

**Attachments:** image001.png, image500184.jpg, image744579.png, image063893.png

Good afternoon Mr. Conway,

As requested, here is an update to my email correspondence from June 1 regarding the parties' compliance with the Special Master Order.

To date, the Defendants have not executed our engagement letter in accordance with paragraph 11 of the Special Master Order, nor have they paid their portion of the initial retainer in accordance with paragraph 12 or funded the escrow account on April 15, May 15, or June 15 in accordance with paragraph 13. Additionally, the Defendants have not provided any response, information, or documentation responsive to paragraph 3 of the Special Master Order, which states:

> *Defendants' cooperation shall also include immediately identifying for the Special Master/Auditor, with a copy to Choate, all available assets for satisfaction of the Final Judgment entered against them by this Court in November 2016. Defendants' in identifying their available assets shall describe the assets with sufficient particularity to permit their identification for purposes of post-judgment collection, state the estimated value of the asset, identify the party currently in possession of the asset, and, if applicable, identify the financial institution and account numbers associated with the asset.*

In addition, we sent letters requesting documentation to the following affiliated non-parties on May 24, 2021 and have not received a response:

- Tivoli Properties, Inc.
- Tivoli Realty Services, Inc.
- The Trillist Companies, Inc.
- Blue Horseshoe Investments, LLC
- JJC Holdings, LLC

On June 14, we received notice (and a copy) of 13th Street Holdings, LLC's Motion for Oral Argument in the Court of Appeals related to the Court's appointment of me as a Special Master/Auditor.

To answer Mr. Sewell's question regarding any outstanding information or document requests related to 13th Street Holdings, we confirm that we have not solicited any such information from this entity to date.

Please let us know if you have any follow-up questions.  I will be out of pocket the remainder of this week, but I have copied my associate, Sara Blair, who would be happy to provide anything else that the Court requests.

Sincerely,

Patrick

**Patrick Braley**
3300 Riverwood Parkway, Suite 700, Atlanta, GA 30339
D: 678.218.1407 | P: 770.396.2200 | F: 770.390.0394
www.btcpa.net | patrick.braley@btcpa.net



CONFIDENTIALITY NOTE  The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. When addressed to our clients, any opinions or advice contained in this email are subject to the terms and conditions expressed in the governing Bennett Thrasher client engagement letter.
Any review, re-transmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

Bennett Thrasher LLP

**From:** Conway, Brett <Brett.Conway@cobbcounty.org>
**Sent:** Thursday, June 17, 2021 11:23 AM
**To:** 'Henry Sewell' <hsewell@sewellfirm.com>; Kevin Hudson <khudson@hlpwlaw.com>; Chad Hayes <chayes@hlpwlaw.com>; Lou McBryan <lmcbryan@mcbryanlaw.com>; Patrick Braley <patrick.braley@btcpa.net>; hdupree@dupree-lawfirm.com; Zack Hall <zhall@hlpwlaw.com>
**Cc:** Fay Slaveikis <FSlaveikis@hlpwlaw.com>; 'Cyndi Kirkland' <ckirkland@dupree-lawfirm.com>
**Subject:** RE: Choate Construction v. Interfinancial Midtown, Inc. et al ? CAFN: 05-1-6700-28 and 18-1-5244-28 / Emergency Hearing Request

Thank you Mr. Sewell.

Parties,

Please see the response from Mr. Sewell. Those email addresses above should be the correct email distribution list. Please make sure all of the individuals above are on your emails.

Brett E. Conway

Staff Attorney
Judge Mary Staley Clark
Superior Court of Cobb County
70 Haynes Street
Marietta, GA 30090
770.528.1818

**Exhibit "B"**

# LAW OFFICES OF HENRY F. SEWELL, JR., LLC
## ATTORNEYS AT LAW

Henry F. Sewell, Jr.

Suite 555, 2964 Peachtree Road NW,  Atlanta, Georgia 30305
TEL: (404) 926-0053 • EMAIL: hsewell@sewellfirm.com

Hylton B. Dupree, Jr., Esq.
Dupree, Kimbrough, Carl & Reilly, LLP
49 Green Street
Marietta, G A 30060
Post Office Box 525            Sent electronically to hdupree@dupree-lawfirm.com
M arietta, G A 30061

RE:    S. Gregory Hays, as Receiver ("Receiver") for the estate (the "Receivership
Estate") of Defendant Scott L. Leventhal in Civil Action Nos. 05-1-06700 and 18-
1-5244 in the Superior Court of Cobb County, State of Georgia.

Dear Hylton:

This letter is sent in connection with Mr. Leventhal's compliance with the Receiver Order
entered May 26, 2021.  As you know, Mr. Leventhal was supposed to produce certain information
as specified in Paragraphs 11 -14 of the Order.

I have attached to this letter a list of all of the information received from Mr. Leventhal as
required by the Order.   A review of this information demonstrates that Mr. Leventhal is not in
compliance with the Receiver Order and that the Receiver has no choice but to file a Contempt
Motion with the Court.

First, Paragraph 11 requires Mr. Leventhal to provide a sworn declaration complete with
documents.  No sworn statement was delivered to the Receiver or filed with the Court.

Second, Mr. Leventhal apparently attempts to comply with the Order by producing three
schedules listed as Schedules 11(B), (C) and (E).  There is no sworn statement that these schedules
are accurate and no information is provided in response to Paragraphs 11(A), (D), and (F).

Third, with respect to Paragraphs 13 and 14, Mr. Leventhal has not produced any personal
financial statements or other documents required by these items.

Outside of those specific items, but as required in the Receiver Order, the Receiver has
requested to inspect Mr. Leventhal's residence and any personalty contained therein.  The Receiver
specifically requested that Mr.,. Leventhal turn over both any remaining credit cards in his personal
name as well as the Rolex watch as discussed in last week's meeting.  Further, the  Receiver has

June 15, 2021
Page 2 of 4

requested a meeting at Mr. Leventhal's office to review the Blue Horshoe and other files
maintained at his office related to his interests in companies and property. Over the past two days,
Mr. Leventhal has ignored these requests after earlier agreeing to cooperate with the Receiver on
these issues.

One other specific item is that Mr. Leventhal mentioned having a number of weapons and
guns. Although the Receiver is undecided on whether to sell these items, the Receiver does require
a list of the guns and weapons owned by Mr. Leventhal.

Finally, during last week's meeting, additional information was requested from Mr.
Leventhal regarding entities in which he owned or controlled an interest. A list of those entities
and the information requested is attached. None of this information has been provided.

These discrepancies need to be cured immediately.

To the extent not cured, these discrepancies will be the subject of a contempt motion to be
filed on June 17.

Please advise Mr. Leventhal accordingly and if you have any questions about this, please
do not hesitate to contact me.

Sincerely,

*/s/ Henry F. Sewell, Jr.*

Henry F. Sewell, Jr.


cc: S. Gregory Hays, Receiver

June 15, 2021
Page 3 of 4

## ITEMS PRODUCED BY MR. LEVENTHAL

1. Citi Credit Card Statements
2. 13th & Crescent-Best and Final Bid Matrix
3. Asset Management Agreement-TPKG 13th Street Development, LLC
4. Brokerage Account Statements- E Trade   **(Jan-April 2021)**
5. Brokerage Account Statements-Robinhood  **(Jan-May 2021)**
6. Checking Account Statements- Renasant Bank  **(May 2019 – May 2021)**
7. Letter of Intent to Purchase 0.63 acres at 1122Crescent Ave.
8. Limited Liability Company Declaration of Trillist Realty Advisors, LLC
9. Mill Creek-LOI-13th Crescent 5-25-2021
10. Operating Agreement of TPKG 13th Street Member, LLC Dated 2/13/15
11. Savings Account Statements-Renasant Bank  **(10/14/2020 – 5/27/2021)**
12. Schedule 11 (B) Bank, Brokerage, and other financial accounts
13. Schedule 11 (C) Credit, bank, charge, debit or other eferred payment cards
14. Schedule 11 (E) Expenditures exceeding $1,000  **(Jan 1, 2019 to June 11, 2021)**
15. Statements- Bank of America  **(July 28, 2020 – May 27, 2021)**
16. Tax Return (2018) Scott L. Leventhal
17. Tax Return (2019) Scott L. Leventhal

## LIST OF ADDITIONAL DOCUMENTS

**13TH Street Holdings:**  Operating Agreement, Minute Book, Bank Statements, and Most Recent
Tax Return

**Tivoli Investments:**  Operating Agreement, Minute Book, Bank Statements, and Most Recent
Tax Return

**Tivoli Properties:**  Operating Agreement, Minute Book, Bankr Statements and Most Recent Tax
Return

**Blue Horshoe Investments  LLC (Wyoming LLC):**  Bank Statements, Most Recent Tax
Return

**BHI 1138 Peachtree, LLC:**  Operating Agreement, Minute Book, Bank Statements, Most
Recent Tax Return

**BHI 1138 Peachtree Member LLC:**  Operating Agreement, Minute Book, Bank Statements,
Most Recent Tax Return

> Redemption Agreements and Closing Statements related to the redemption or
> purchase of John Williams (or related entities) interests in 1138 Peachtree; and

June 15, 2021
Page 4 of 4

BHI Sponsor Note and/or Sponsor Note listed in summary of 1138 Refinancing in the amount of $1,1 Million

**1138 Peachtree Land Holdings Member LLC:** Operating Agreement, Minute Book, Bank Statement and Most Recent Tax Return

**1122 Crescent Land Holdings Member LLC:** Operating Agreement, Minute Book, Bank Statements, Most Recent Tax Return

**Exhibit "C"**

**Monday, June 21, 2021 at 11:01:12 Eastern Daylight Time**

**Subject:** Scott Leventhal

**Date:** Thursday, June 10, 2021 at 10:44:20 PM Eastern Daylight Time

**From:** Dorothy Leventhal

**To:** Henry Sewell

Mr. Sewell. First of all I reject your contention that the other creditors all appreciate the receiver involvement and his methodology. Maybe you are the one who is not well informed. I previously advised you that I am exercising my rights as mortgagee in possession as the sole legal owner of the residence that Scott and Jennie occupy. . I have directed that you don't have anyone trapse onto that property. I am re-emphasizing no one had better go on that property I will deem them guilty of trespassing and I will prosecute them land or bring other actions to the extent possible. If Choate and the Court wanted to have something like that occur, along with the rest of the things that are occurring, they had a responsibility to notify other creditors and me to be present at the hearing. As to Your comments about Scott litigating, even obligors on a judgment have rights. Obviously, the Court, the Receiver and you, believes that Scott does not. Judge Bodiford and Judge Kell did believe Scott had rights. I believe you are going to find the appellate court vehemently disagrees with that order. I will not fully analogize it to what it really looks like and what it really is.The fact that these type Orders are used to steam roll people will not succeed here without reprocssions. I demand the receiver and anyone he directs not go on to the property of which I hold legal title and of which as to the rights in possession I hold as a Receiver of that property under the Security Title. I also know there was times when people followed orders in other countries and later were tried for following illegal orders which I believe this Order is. This Order has elements to it which are inappropriate, and should not be followed, by anyone with a good moral conscience For example yoo On The Park and it's eminent sale gave rise to the purported emergency. I wonder has the buyer been thrilled with the receivers conduct and put up their full earnest money to go hard; I wonder? You will get my formal notice of the mortgagee in possession tomorrow. . I am in possession as a receiver under security deed law. With due respect, your comment about Scott Litigating, a right which he has under the Constitution, compromises you and the receiver from being involved.

Mrs. Dorothy A. Leventhal
353 Woodlawn Drive
Marietta, Georgia 30067
Telephone: (770) 565-7757
Telecopier: (770) 578-6514
dorothyleventhal@yahoo.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*u\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
IMPORTANT MESSAGE, PLEASE READ: This email message, including its contents and attachments, are confidential proprietary information of the sender, its affiliates or any entity which the sender is a representative of, and may be legally privileged. This email is intended solely for the use of the individual to whom, or entity to which, it is addressed. Access to this email message, its contents or its attachments, by anyone other than the intended recipient is strictly prohibited. If you are not the intended recipient, any disclosure, copying, distribution, forwarding or any action taken, or omitted to be taken, in reliance on it is prohibited and may be unlawful. Sender believes this email and any attachments were free from any virus, worm, Trojan horse, and/or malicious code when sent. This message and its attachments could have been infected during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for taking protective and remedial action about viruses and other defects.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*