IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| SCOTT LOREN LEVENTHAL, | ) | CASE NO. 21-55036-pwb |
| | ) | |
| Debtor. | ) | |

### APPLICATION FOR APPROVAL TO EMPLOY ATTORNEYS FOR DEBTOR

COMES NOW Scott Loren Leventhal, debtor and debtor-in-possession (the "**Debtor**" or the "**Applicant**") in the above-styled (the "**Case**"), and respectfully applies for approval to employ attorneys pursuant to 11 U.S.C. § 327 and Bankruptcy Rule 2014. The grounds for this Application are:

1.

On July 5, 2021, Applicant filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code. Applicant wishes to employ the law firm of SCROGGINS & WILLIAMSON, P.C. as its attorneys in the Chapter 11 Case.

2.

Attorneys in SCROGGINS & WILLIAMSON, P.C. are admitted to practice before this Court, are familiar with Applicant's legal and financial problems, have knowledge and experience in bankruptcy practice, and are well qualified to represent Applicant.

3.

In the operation of its business during the Chapter 11 case, Applicant will require professional services from attorneys, including:

    a)    Preparation of pleadings and applications;

    b)    Conduct of examinations;

c) Advising Applicants of its rights, duties and obligations as a debtor-in-possession;

d) Consulting with Applicant and representing Applicant with respect to a Chapter 11 plan and his negotiations with creditors, the Subchapter V trustee, and other parties in interest;

e) Performing legal services incidental and necessary to the day-to-day operation of Applicant's affairs, including, but not limited to, institution and prosecution of necessary legal proceedings, and general legal advice and assistance related to his bankruptcy case; and

f) Taking any and all other action incidental to the proper preservation and administration of Applicant's estate.

4.

To the best of Applicant's knowledge: (a) SCROGGINS & WILLIAMSON, P.C. represents no interests adverse to Applicant in the matters upon which the firm is to be engaged for Applicant; (b) except as otherwise disclosed in the Declaration submitted herewith, SCROGGINS & WILLIAMSON, P.C. has had no connection with Applicant, his creditors or any party in interest, or their respective attorneys and accountants, and (c) the firm's appointment will be in the best interest of Applicant and Applicant's estate.

5.

Applicant desires to employ SCROGGINS & WILLIAMSON, P.C. at the firm's ordinary rates for comparable work at this time, plus reasonable expenses, subject to review by the Court. The firm has stated that its fee rates currently range from $475.00 - $540.00 per hour for attorneys and from $135.00 - $175.00 per hour for paralegals. Rates may be adjusted from time-to-time.

The firm is currently holding approximately $48,411.50 as a Chapter 11 retainer to represent Applicant.

6.

Attached hereto and incorporated herein by reference is the Declaration of a member of SCROGGINS & WILLIAMSON, P.C. offered in support of this Application.

WHEREFORE, Applicant prays that it be authorized to employ SCROGGINS & WILLIAMSON, P.C. as its attorneys in this Chapter 11 Case.

*[Signatures on Next Page]*

This 12th day of July, 2021.

_____
SCOTT LOREN LEVENTHAL

- 4 -

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| SCOTT LOREN LEVENTHAL, | ) | CASE NO. 21-55036-pwb |
| | ) | |
| Debtor. | ) | |

**DECLARATION OF J. ROBERT WILLIAMSON IN SUPPORT OF DEBTOR'S APPLICATION FOR APPROVAL TO EMPLOY ATTORNEYS FOR DEBTOR**

I, J. Robert Williamson, declare under penalty of perjury as follows:

1.

I am a member of the law firm of Scroggins & Williamson, P.C. (the "**Firm**"), and in that capacity I have personal knowledge of, and authority to speak on behalf of, the Firm with respect to the matters set out herein. This Declaration is offered in support of the Application of the Debtor in the above-styled case to employ the Firm as the Debtor's attorneys (the "**Application**"), and the matters set out herein are true and correct to the best of my knowledge, information and belief.

2.

To the best of my knowledge, other than pre-petition services rendered to the Debtor in evaluating and preparing for the Chapter 11 filing, neither the Firm nor I have or represent any interest adverse to the Debtor or its estate, or have any material connections with the Debtor, its creditors, any other party in interest or their respective attorneys or accountants, except as described below. The Firm is disinterested, as that term is defined in 11 U.S.C. § 101(14).

- 5 -

3.

Prior to the filing of this Chapter 11 case, the Firm received $60,000 in pre-petition retainers on behalf of the Debtor that were funded by the Debtor's parents, of which $10,000 was provided by the Debtor's father, Ronald Leventhal, and $50,000 was provided by the Debtor's mother, Dorothy A. Leventhal. The Firm has never represented either Ronald Leventhal or Dorothy Leventhal in their individual capacities and will not represent either of them in connection with this case. Nevertheless, in the interest of full disclosure, below is a list of known direct or indirect connections between and among the Firm, the Debtor, and Ronald and Dorothy Leventhal.

**Ronald Leventhal.** From approximately January of 2016 though approximately June of 2017, the Firm represented the following entities that were owned or controlled by Ronald Leventhal in connection with the Chapter 11 case of *In re Hampton Island Owner's Association* (Case No. 15-64711) that took place before this Court: Hampton Land Holdings, LLC; Blue Heron Investments, LLC; Reflections House, LLC; Turtle Lake Holdings, LLC; Hampton Island, LLC; and Hampton Island Club, LLC (the "**Hampton Island Entities**"). The Firm's representation of the Hampton Island Entities primarily involved discovery issues, concluded in 2017, and was completely unrelated to the issues involved in the Debtor's bankruptcy case. None of the Hampton Island Entities are creditors of the Debtor. The Debtor holds an indirect non-controlling equity interest the Hampton Island Entities through one or more limited liability companies.

Ronald Leventhal is a creditor of the Debtor and one or more entities in which the Debtor holds a direct or indirect equity interest. Ronald Leventhal and the Debtor also jointly hold direct

- 6 -

or indirect equity interests in several entities, at least one of which is a creditor of the Debtor. The Firm does not represent any of these entities. If Ronald Leventhal or any entities in which he and/or the Debtor hold any direct or indirect equity interests make an appearance in this chapter 11 case, they will need to secure separate counsel.

**Dorothy Leventhal.** Dorothy Leventhal is a creditor of the Debtor. She also holds one or more claims against or equity interests in one or more entities in which the Debtor holds a direct or indirect equity interest, including Tivoli Investment Holdings, LLC and 13th Street Holdings, LLC. Dorothy Leventhal and/or entities affiliated with her are represented by separate counsel. If Dorothy Leventhal or any entity affiliated with her make an appearance in this chapter 11 case, it is believed this same firm will represent her in connection therewith.

4.

The Firm has no principals, associates or other professional employees who are related to any Judge of the United States Bankruptcy Court for the Northern District of Georgia.

5.

Prior to the commencement of this Chapter 11 case, the Firm has been paid approximately $11,588.50 from pre-petition retainers for advising and assisting the Debtor in connection with preparing this Chapter 11 case and reimbursement of expenses, including the $1,738 Chapter 11 filing fee. The Firm currently holds a retainer in the amount of approximately $48,411.50. Neither the Firm nor I have agreed to share any compensation or reimbursement received in connection with this engagement with any other person or entity.

6.

Other attorneys of the Firm and I are duly admitted to practice law in the United States District Court for the Northern District of Georgia, among other United States Courts.

7.

Employment of the Firm as attorneys for the Debtor would be appropriate under 11 U.S.C.§ 327 and Bankruptcy Rule 2014.

This 13th day of July, 2021.

                                                            J. ROBERT WILLIAMSON

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§152 and 3571.

- 8 -

## CERTIFICATE OF SERVICE

This is to certify that on this date I served a true and correct copy of the within and foregoing **Application for Approval to Employ Attorneys for Debtor** by causing same to be deposited in the United States Mail with adequate postage affixed thereon and addressed to the following persons:

Vanessa A. Leo
Office of the United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Todd Eugene Hennings
Chapter 11 Subchapter V Trustee
Macey, Wilensky & Hennings, LLP
5500 Interstate North Parkway
Suite 435
Sandy Springs, GA  30328

This 13th day of July, 2021.

Respectfully submitted,

SCROGGINS & WILLIAMSON, P.C.

/s/ J. Robert Williamson

J. ROBERT WILLIAMSON
Georgia Bar No. 765214
J. HAYDEN KEPNER, JR.
Georgia Bar No. 416616

*Proposed Counsel for the Debtor*

4401 Northside Parkway
Suite 450
Atlanta, GA 30327
T:    (404) 893-3880
F:    (404) 893-3886
E:    rwilliamson@swlawfirm.com
       hkepner@swlawfirm.com

- 2 -