

**IT IS ORDERED as set forth below:**

**Date: July 30, 2021**

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CHAPTER 11** |
| | ) | |
| **SCOTT LOREN LEVENTHAL,** | ) | **CASE NO. 21-55036-pwb** |
| | ) | |
| **Debtor.** | ) | |

**ORDER ON (1) RECEIVER'S (A) ACCOUNTING;**
**(B) EMERGENCY MOTION FOR ORDER EXCUSING RECEIVER FROM**
**COMPLIANCE WITH SECTION 543 OF THE BANKRUPTCY CODE; (C)**
**EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY; AND (D)**
**MOTION FOR EXPEDITED HEARING, AND (2) CHOATE CONSTRUCTION**
**COMPANY'S EMERGENCY MOTION FOR ENTRY OF ORDER DISMISSING**
**BANKRUPTCY CASE OR, IN THE ALTERNATIVE (I) SUSPENDING BANKRUPTCY**
**CASE TO ALLOW RECEIVER TO PROCEED WITH ASSET SALES; (II) EXCUSING**
**RECEIVER FROM COMPLIANCE WITH SECTION 543 OF THE BANKRUTPCY**
**CODE AND AUTHOIZING RECEIVER TO SELL PROPERTY IN RECEIVERSHIP;**
**OR (III) REMOVING THE DEBTOR IN POSSESSION**
**AND SCHEDULING EXPEDITED HEARING**

THIS CAUSE came before the Court for an emergency hearing (the "**Hearing**") scheduled

for 10:30 a.m. on July 26, 2021, and continued until 11:00 a.m. on July 28, 2021,  on the following

Motions (collectively, the "**Motions**"):  (1) the Receiver's (A) Accounting; (B) Emergency Motion

for Order Excusing Receiver from Compliance with Section 543 of the Bankruptcy Code; (C)

Emergency Motion for Relief from the Automatic Stay and (D) Motion for Expedited Hearing filed by S. Gregory Hays, as Pre-Petition Receiver (the "**Receiver**") on July 12, 2021 [Doc. 22] (the "**Receiver Motion**"), and (2) the Emergency Motion for Entry of Order Dismissing Bankruptcy Case or, in the Alternative (I) Suspending Bankruptcy Case to allow Receiver to Proceed with Asset Sales; (II) Excusing Receiver from Compliance with Section 543 of the Bankruptcy Code and Authorizing Receiver to Sell Property in Receivership; or (III) Removing the Debtor in Possession; and Scheduled an Expedited Hearing filed by Choate Construction, Inc. ("**Choate**") on July 14, 2021 [Doc. 27] (the "**Choate Motion**").  The Hearing was conducted by Zoom videoconference.  Appearing at the Hearing were counsel for the Debtor; counsel for Choate;  counsel for the Receiver; counsel for the U.S. Trustee; Todd Hennings, the SubChapter V Trustee (the "**Sub-V Trustee**"); counsel for Joseph Kavana and KGH International Development, LLC (collectively, "**Kavana**"); counsel for Angel Oak Commercial Bridge, LLC; counsel for Dorothy Leventhal and 13th Street Holdings, LLC; and Ronald Leventhal, *pro se*.

After consideration of argument presented at the Hearing, the Motions, written responses filed with respect thereto, the record in this case, and based on the findings and conclusions announced by the Court at the conclusion of the Hearing, it is hereby ORDERED as follows:

1. The Receiver shall be excused from complying with 11 U.S.C. § 543 and shall maintain control of certain property of the Debtor's estate solely for the purpose and to the extent expressly set forth herein. The authority of the Receiver shall be limited to supervising, overseeing, directing, and approving, on behalf of the Debtor's estate, the realization and disposition  of  proceeds from the closing of the sale of the Yoo Project (as defined in the Choate Motion) and the payment from the net sales proceeds of undisputed amounts owed, payable and/or distributable to lenders, claimants and equity holders of

(a) TPKG 13th Street Development, LLC ("**TPKG DevCo**"), including, without limitation, amounts owed to CIM RE Lending Sub, LLC (together with its successors and assigns) and amounts distributed to TPKG 13th Street Member, LLC ("**TPKG MemberCo**"); and (b) TPKG MemberCo, including amounts payable to Atlantic American Fortune Fund, LP ("**AAFF**") and TPKG 13th Street Holdings, LLC ("**TPKG HoldCo**"). The Receiver shall cooperate with all parties to the sale of the Yoo Project in facilitating the closing.  The Debtor shall cooperate with and assist the Receiver in the Receiver's discharge of his duties herein and shall provide such information as may be reasonably requested by the Receiver in discharging his duties herein, which requests shall be submitted through Debtor's counsel.  If and to the extent, any party to the closing of the sale of the Yoo Project requests any assistance from the Debtor in connection with the closing of the sale of the Yoo Project, the Debtor shall promptly advise the Receiver of such request and shall be permitted to provide such assistance as requested and will keep the Receiver apprised of  such assistance.

2. Following AAFF's determination of the amount of funds that are distributable to TPKG HoldCo from the closing of the sale and the Receiver's approval of same, said funds shall be transferred to TPKG HoldCo to be maintained in accordance with the terms of this Order.

3.  As soon as reasonably practical, the Receiver, in consultation with the Debtor, Kavana and the creditors who appeared at hearings on these Motions, shall file with this Court and serve by e-mail on all parties appearing at the Hearing,  a schedule of proposed distributions (a "**Disbursement Report**") to TPKG DevCo, TPKG MemberCo , and

TPKG HoldCo, which shall be updated from time to time as necessary.  As appropriate, names may be redacted from the papers filed with this Court.

4. Amounts received by TPKG HoldCo shall be held for the benefit of creditors and equity holders of TPKG HoldCo in a new bank account to be established in the name, and sole benefit of, TPKG Holdco (the "**HoldCo Account**").  The Sub-V Trustee shall be the sole signatory on the HoldCo Account.

5. With respect to amounts to be held in the HoldCo Account pursuant to this Order:

(a) The Sub-V Trustee shall act solely in his official capacity as Sub-V Trustee in this case;

(b) The Sub-V Trustee shall have no authority to disburse or consent to any disbursement  of funds in the HoldCo Account except as authorized by further order of this Court following notice to parties in interest, including all parties appearing at the Hearing;

(c)  If the Sub-V Trustee shall receive any process, complaint or demand to release any funds in the HoldCo Account which has not been authorized expressly by order of this Court, or if the Sub-V Trustee is uncertain for any reason regarding the performance of his duties with respect to said funds, he may deposit the funds in the registry of this Court and, upon doing so, shall be relieved of any further responsibility or liability relating to such funds, or he may move this Court for appropriate relief, including, without limitation, authorization to interplead the funds into the registry of this Court, and the Court will endeavor to hear such motion following notice to parties in interest on an expedited basis;

(d)  the Sub-V Trustee shall have no obligation to answer or respond to any process, complaint or demand received, and the Debtor shall be solely responsible with respect thereto;

(e)  Pursuant to 11 U.S.C. § 105, the Sub-V Trustee shall have no liability to any person or entity for any acts or omissions with respect to the funds in the HoldCo Account or the performance of his duties under this Order which are undertaken in good faith and in reliance on and compliance with this Order or any further order of this Court; and

(f)  nothing contained in this Order shall alter or abrogate the terms of the Amended Agreed Order entered in the Florida District Court Action.

6.  Once the proceeds have been remitted to TPKG HoldCo in accordance with this Order, no funds shall be disbursed from TPKG HoldCo absent approval of this Court upon at least ten (10) days' notice and an opportunity to be heard by creditors and parties-in-interest herein, including all parties appearing at the Hearing, and the Receiver shall have no other further responsibility or authority with respect thereto or in this Chapter 11 case and shall be deemed discharged from any further obligations under this Order or any other order that could directly or indirectly affect the Debtor during the pendency of this case.

7.  Except as expressly set forth herein, the Receiver Motion is denied without prejudice and the Choate Motion is held in abeyance without prejudice (except with respect to its joinder in the Receiver Motion requesting to excuse the Receiver from turnover, which relief is addressed in this Order).  Except to the extent required to complete his duties under this Order, the Receiver shall immediately turn over to the Debtor all property of the Debtor and his estate, including the Debtor's direct or indirect interest in any non-

Debtor entities, any bank account access information and original of any documents

collected by the Receiver prior to the commencement of this Chapter 11 case.  Upon

completion of the Receiver's duties under this Order, the Receiver shall turn over to

the Debtor all remaining property of the Debtor and his estate in the Receiver's custody,

possession or control.

8. The Court shall retain jurisdiction to hear and determine all matters arising from the

implementation of this Order.

**[END OF ORDER]**

Prepared and presented by:

SCROGGINS & WILLIAMSON, P.C.

/s/ J. Robert Williamson
J. ROBERT WILLIAMSON
Georgia Bar No. 765214
J. HAYDEN KEPNER, JR.
Georgia Bar No. 416616
4401 Northside Parkway
Suite 450
Atlanta, GA 30327
T:  (404) 893-3880
F:  (404) 893-3886
E:  rwilliamson@swlawfirm.com
    hkepner@swlawfirm.com
    *Counsel for the Debtor*

**<u>Distribution List</u>**

J. Hayden Kepner, Jr.
Scroggins & Williamson, P.C.
4401 Northside Parkway
Suite 450
Atlanta, Georgia 30327

Vanessa A. Leo
Office of the United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Todd Eugene Hennings
Chapter 11 Subchapter V Trustee
Macey, Wilensky & Hennings, LLP
5500 Interstate North Parkway
Suite 435
Sandy Springs, GA  30328