**IT IS ORDERED as set forth below:**



Date: August 9, 2021

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| SCOTT LOREN LEVENTHAL, | ) | CASE NO. 21-55036-pwb |
| | ) | |
| Debtor. | ) | |

## ORDER GRANTING MOTION REQUESTING MEDIATION

Scott Loren Leventhal (the "**Debtor**"), has filed a motion (the "**Motion**") requesting mediation of issues related to the above matter. The Court believes and the Debtor agrees that the most productive form of mediation would be to designate a current bankruptcy judge with no assignment or responsibility for this bankruptcy case as a settlement judge to serve as neutral mediator; and it appearing that Bankruptcy Judge Baisier of this Court is qualified and suitable to serve as a mediator of this dispute and that the Debtor has agreed that Judge Baisier is acceptable as a mediator; and for good cause shown, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Debtor and Joseph Kavana (together with entities they control) shall mediate the issues and disputes referenced in the Motion and any related matters. Bankruptcy Judge Baisier is designated as a settlement judge with regard to this matter for the purpose of conducting mediation proceedings as the neutral mediator. Such mediation shall be conducted at a time and place and in accordance with procedures mutually agreed upon by the parties and Judge Baisier.

2. Because Judge Baisier will be serving as the neutral mediator in this matter and because the nature of the mediation process requires ex parte contacts and communications between the neutral mediator and each of the sides, the prohibitions of FED. R. BANKR. P. 9003 do not apply to communications among the parties, their attorneys, and Judge Baisier in connection with the mediation proceedings. The parties and their attorneys may, therefore, have ex parte communications with Judge Baisier in his capacity as the neutral mediator in connection with the mediation proceedings.

3. All communications made by the parties or their attorneys to each other or to Judge Biasier in connection with the mediation process, the conduct and demeanor of the parties and their counsel during the mediation, and any documents prepared or produced in connection with the mediation process, including Judge Baisier's notes or records, shall be confidential and shall not be admissible in evidence or the subject of any discovery in any proceeding (unless admissible or discoverable without regard to the mediation). The mediation sessions and any conferences or proceedings in connection therewith shall be treated as compromise negotiations for purposes of the Federal Rules of Evidence, the Georgia Rules of Evidence, or any rules of evidence of any other jurisdiction. No record will be made of the mediation proceedings. Judge Baisier is disqualified from appearing as a witness in any matter, and shall not be called as a witness, with regard to the mediation or any matter arising out of or related thereto.

Prepared and presented by:

SCROGGINS & WILLIAMSON, P.C.

<u>/s/ J. Hayden Kepner, Jr.</u>
J. ROBERT WILLIAMSON
Georgia Bar No. 765214
J. HAYDEN KEPNER, JR.
Georgia Bar No. 416616
4401 Northside Parkway
Suite 450
Atlanta, Georgia 30327
(404) 893-3880
Counsel for the Debtor

**DISTRIBUTION LIST**

J. Hayden Kepner
Scroggins & Williamson, P.C.
4401 Northside Parkway
Suite 450
Atlanta, Georgia 30327

Vanessa A. Leo
Office of the United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Todd Eugene Hennings
Chapter 11 Subchapter V Trustee
Macey, Wilensky & Hennings, LLP
5500 Interstate North Parkway
Suite 435
Sandy Springs, GA  30328